UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERBERT O. ALLEN,<br><br>　　　　Petitioner<br><br>　　v.<br><br>ALLEX VILLANUEVA,<br><br>　　　　Respondent. | Case No. 2:22-cv-06000-GW (GJS)<br><br>**ORDER: SUMMARILY DISMISSING PETITION WITHOUT PREJUDICE; AND DENYING A CERTIFICATE OF APPEALABILITY** |

On August 22, 2022, Petitioner – a state pretrial detainee – filed a habeas petition pursuant to 28 U.S.C. § 2241 [Dkt. 1, "Petition"].[1] The Petition names the former Sheriff for Los Angeles County as Respondent, raises four claims, and seeks Section 2241 habeas relief with respect to a pending criminal case, namely, Los Angeles County Superior Court Case No. BA494948 (the "Pending Criminal Case"). The Court has reviewed the Petition and, pursuant to Federal Rule of Evidence 201, has taken judicial notice of the relevant dockets for the California courts available electronically.

---

[1] The Clerk's Office docketed the Petition as one brought pursuant to 28 U.S.C. § 2254. As discussed *infra*, the Petition properly was brought under Section 2241, rather than under Section 2254.

Section 2241 habeas petitions may be subjected to the same screening requirements that apply to Section 2254 habeas petitions. Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), provides that this Court may "apply any or all of these rules" to any habeas petition. Habeas Rule 4 requires that a district court dismiss a petition without ordering a responsive pleading when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See Mayle v. Felix*, 545 U.S. 644, 656 (2005). The Advisory Committee Notes to Habeas Rule 4 (1976 Adoption) make clear that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer," particularly where the petition does not state facts "that point to a real possibility of constitutional error." *See also Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4); Local Rule 72-3.2 (authorizing magistrate judge to prepare for district judge proposed order for summary dismissal and proposed judgment if it plainly appears from the face of the habeas petition that the petitioner is not entitled to relief). The same is true under 28 U.S.C. § 2243, which provides that a district court may summarily dismiss a Section 2241 petition where "it appears from the application that the applicant or person detained is not entitled" to relief. *See Ruby v. United States*, 341 F.2d 585, 586-87 (9th Cir.1965) (affirming summary dismissal of Section 2241 petition that failed to show any basis for habeas relief and holding a district court is not required to construe such a petition as some other form of civil action and must deny the petition without speculating "whether or not it might be amended or supplemented to invoke the court's jurisdiction to grant some other remedy").

Having screened the Petition pursuant to these provisions. the Court finds that summary dismissal of this action, without prejudice, is required pursuant to the abstention doctrine.

# BACKGROUND

The dockets for the Los Angeles County Superior Court show that the Pending Criminal Case stems from eight charges brought against Petitioner, including charges of attempted murder, a charges of assault with a deadly weapon, a charge of unlawful use of tear gas, and charges based on Petitioner being a felon in possession of a firearm and ammunition. An arraignment was scheduled for April 20, 21, 22, and 23, 2021, and concluded on April 26, 2021 – the date on which Petitioner alleges he was arraigned. The preliminary hearing occurred late last year, and on November 2, 2022, Petitioner was held to answer on all charges. A pretrial hearing is set for January 2023.

Thus, the record shows that Petitioner has not yet been convicted in connection with the pending state court criminal action on which the Petition rests.

As discussed below, the Petition alleges four claims. Petitioner alleges that he raised three of them in a habeas petition filed with the California Court of Appeal, which was denied,[2] and that he then filed a habeas petition in the California Supreme Court (claims unspecified), which was denied on June 29, 2022. Thus, it is unclear whether or not the Petition is fully exhausted.

# THE PETITION

Ground One of the Petition rests on the theory that Petitioner's Fourth Amendment rights were violated due to a delay in his arraignment. Petitioner alleges that he was arrested on April 18, 2021, but was not arraigned until April 26, 2021, instead of within 48 hours. Petitioner contends that this delay deprives the state courts of jurisdiction over the Pending Criminal Case.

---

[2] The Petition attaches copies of two Orders issued by the California Court of Appeal: one dated June 15, 2022, in Case No. B320921, summarily denying a mandamus petition filed on June 13, 2022; and the other dated July 20, 2022, in Case No. B321625, denying a mandamus petition filed in the Supreme Court on July 14, 2022, and then transferred to the state appellate court.

Ground Two of the Petition rests on the premise that the trial court and the Los Angeles Sheriff's Department wrongly deprived Petitioner of his rights under *Faretta v.* California, 422 U.S. 806, 821 (1975), by denying Petitioner a private investigator and access to a working legal computer for months. Petitioner alleges that the trial court and Sheriff's Department acted out of bias, in bad faith, and for purposes of harassment.

Ground Three of the Petition rests on the theory that a detective, in bad faith, lied in his police report when he stated that two witnesses saw the shooting with which Petitioner is charged, which led the prosecutor to "falsely overcharge" Petitioner with four counts of attempted murder, and which then, in turn, caused Petitioner to be denied a reasonable bail.

Ground Four of the Petition is somewhat confusing. Petitioner alleges that he and the prosecutor entered into a plea bargain, which received "judicial authorization," but then the prosecutor "deceived pro per counsel by lying to the court" and failing to honor the plea bargain. Petitioner states that this situation violates "contract law" and alludes, without explanation, to "double jeopardy."

**THE PETITION IS BROUGHT UNDER SECTION 2241**

As noted above, Petitioner filed the Petition under Section 2241, but the Clerk's Office redesignated it as one brought under Section 2254.

Section 2254(a) confers jurisdiction on a district court to issue "a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." "'By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment — for example, a defendant in pre-trial detention or awaiting extradition.'" *Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004) (citation omitted); *see also McNeeley v. Blanas*, 336 F.3d 822, 824 & n.1 (9th Cir.

4

2003) (allowing a California pre-trial detainee asserting a speedy trial claim to proceed under Section 2241). Section 2241 implements a general grant of habeas corpus authority for a person in custody "for some other reason, such as pre-conviction custody, custody awaiting extradition, or some other forms of custody that are possible without a conviction." *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004).

Petitioner has not yet sustained a state court conviction in the Pending Criminal Case and he seeks pre-trial relief, and therefore, Section 2241, rather than Section 2254, governs this case. Accordingly, the Court will construe the Petition as having been brought under Section 2241, given that absent such a construction, dismissal would be required for lack of jurisdiction.

## ABSTENTION IS REQUIRED

Only a limited number of pre-trial challenges have been found cognizable under Section 2241. Generally, pre-trial habeas challenges have been allowed only when a state defendant contends he is being deprived of his right to a speedy trial or the Double Jeopardy Clause will be violated if he is tried. *See, e.g., Braden v. 30th Judicial Circuit Court*, 93 S. Ct. 1123, 1126-28 (1973) (speedy trial); *McNeeley*, 336 F.3d at 824 n.1 (speedy trial); *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992) (double jeopardy). However, even when a habeas challenge to a pre-trial situation states a possible claim of constitutional error, this does not mean that the claim should be considered by a federal court while the state criminal case is pending.

Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal court generally must abstain from hearing a case that would enjoin or otherwise interfere with an ongoing state proceeding. *Younger* abstention is required with respect to state judicial proceedings when four circumstances exist: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the state proceedings

5

|   |   |
|---|---|
| 1 | afford the litigant an adequate opportunity to raise his federal claims; and (4) the |
| 2 | federal action would enjoin the state court proceeding or have the practical effect of |
| 3 | doing so, namely, interfere with the state proceeding in a way of which *Younger* |
| 4 | disapproves. *See, e.g., San Jose Silicon Valley Chamber of Commerce Political* |
| 5 | *Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).  "*Younger* |
| 6 | exemplifies one class of cases in which federal-court abstention is required: When |
| 7 | there is a parallel, pending state criminal proceeding, federal courts must refrain |
| 8 | from enjoining the state prosecution." *Spring Communications, Inc. v. Jacobs*, 571 |
| 9 | U.S. 68, 72 (2013).  In these circumstances, abstention is required unless there is a |
| 10 | "showing of bad faith, harassment, or some other extraordinary circumstance that |
| 11 | would make abstention inappropriate." *Middlesex County Ethics Comm. v. Garden* |
| 12 | *State Bar Ass'n*, 457 U.S. 423, 435 (1982). |
| 13 |       The *Younger* abstention rule applies not only to requests to enjoin state |
| 14 | proceedings but to the consideration of claims that, if granted, effectively would |
| 15 | result in an interference with pending state proceedings.  For example, the Supreme |
| 16 | Court has made clear that "federal habeas corpus does not lie, absent 'special |
| 17 | circumstances,' to adjudicate the merits of an affirmative defense to a state criminal |
| 18 | charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489 |
| 19 | (citation omitted); *see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980) |
| 20 | (observing that *Braden* "reaffirmed the established rule that federal adjudication of |
| 21 | an affirmative defense prior to a state criminal trial" violates the *Younger* abstention |
| 22 | doctrine and is "prohibited by principles of comity unless the petitioner could show |
| 23 | that 'special circumstances' warranted federal intervention").  Abstention principles |
| 24 | require a federal court to abstain from exercising habeas jurisdiction when the |
| 25 | petitioner seeks relief based on an affirmative defense to the state prosecution, and |
| 26 | the only exceptions to that rule are (a) when a prosecution is proven to be |
| 27 | undertaken in bad faith and is baseless, or (b) when extraordinary circumstances |
| 28 | exist and irreparable injury is shown. *Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. |

2012) *see also id.* at 900-01 (recognizing that "federal court's exercise of jurisdiction over a habeas petition that raises an affirmative defense to state prosecution before trial and conviction can have the same effect as a direct injunction of ongoing state proceedings" and, thus, *Younger* prohibits considering the petition).

*Younger* and its progeny reflect a longstanding public policy against federal court interference with pending state court proceedings. *See Green v. City of Tucson*, 255 F.3d 1086, 1094 (9th Cir. 2001) (en banc); *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). Principles of comity and federalism require federal courts to abstain from interfering with ongoing state criminal proceedings absent extraordinary circumstances that create a threat of irreparable injury. *Younger*, 401 U.S. at 43-45. *Younger* abstention applies to both attempts to preclude and/or stay criminal prosecution in toto and attempts to obtain more limited or piecemeal intervention in state criminal actions. *See, e.g., Kugler v. Helfant*, 421 U.S. 117, 130 (1975) (federal courts should not "intervene piecemeal to try collateral issues" in state criminal prosecutions, such as a request to enjoin the admission of evidence); *Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (a request to enjoin enforcement of a criminal discovery statute and to suppress evidence obtained under that statute could not be entertained).

The concerns that motivate the *Younger* doctrine apply with full force here, and the Court finds that the four *Younger* elements are met. The Pending Criminal Case is ongoing and, moreover, it implicates important state interests. The State of California's interest in prosecuting individuals charged with violating its laws is indisputable. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.") (citing *Younger*); *Justices of Bos. Mun. Court v. Lydon*, 466 U.S. 294, 333 (1984) (Stevens, J.,

7

concurring) ("One of the weightiest of state interests is that favoring speedy, efficient, and uninterrupted disposition of criminal cases. Because of this critical state interest, we have held that federal courts should abstain from exercising their jurisdiction when the effect thereof would be to disrupt ongoing state proceedings."); *Rose v. Mitchell*, 443 U.S. 545, 585 (1979) (Powell, J., concurring) ("This Court repeatedly has recognized that criminal law is primarily the business of the States, and that absent the most extraordinary circumstances the federal courts should not interfere with the States' administration of that law."). Thus, the first and second elements supporting *Younger* abstention are satisfied.

With respect to the third *Younger* element, the issues Petitioner raises in the instant Petition, if cognizable at all as constitutional claims, are matters of affirmative defense that can be raised within his pending criminal case and/or constitute claims that can be raised on state appeal should he be convicted. Thus, he has an opportunity to raise his constitutional claims in state court. The Supreme Court has made clear that the third element is satisfied if the constitutional claims may be raised in state court judicial review. *See Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 629 (1986); *see also Dubinka*, 23 F.3d at 224 (the existence of an opportunity to raise federal claims in state proceedings requires abstention).[3]

Finally, with respect to the fourth element, the issues raised by the Petition plainly threaten to interfere with Petitioner's state criminal proceeding in a manner

---

[3] Petitioner alleges that he already has raised three of his claims on a pre-trial mandamus and/or habeas basis in the California Court of Appeal, and possibly in the California Supreme Court, although he was denied relief. The copies of the denial orders appended to the Petition indicate that the claims were considered and denied summarily on their merits. That Plaintiff was not successful when he raised the claims in the state courts does not render the *Younger* doctrine inapplicable. "*Younger* requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999). There is no suggestion that the concluded state proceedings did not provide Plaintiff with an adequate opportunity to raise these claims, and in any event, he may raise them on state appeal should he be convicted.

that contravenes *Younger*. Petitioner seeks a federal court adjudication that unconstitutional events have occurred in his Pending Criminal Case, such as a finding that the Fourth Amendment was violated by the delay in his arraignment, a finding that the trial court therefore lacks jurisdiction over the Pending Criminal Case, a finding that he has been deprived of his *Faretta* rights, a finding that four of the charges brought against him are "false," a finding that he has been denied a reasonable bail in violation of his federal constitutional rights, and a finding that a plea bargain agreement resolving the Pending Criminal Case has not been followed and must be enforced. These requests for relief are as clear an example as could be of federal habeas relief that, if granted, would directly interfere with state criminal proceedings in derogation of principles of federalism and comity. The Petition asks this federal court to insert itself into the Pending Criminal Case to a degree that directly interferes with the state court's handling of the case. This is something that *Younger* will not countenance. *See, e.g., Lazarus v. Baca*, 389 Fed. Appx. 700 (9th Cir. 2010) (affirming the *Younger*-based dismissal of a pretrial detainee's petition alleging that the bail set was excessive, finding, *inter alia*, that habeas relief requiring that a lower bail be set would be an improper interference in state criminal proceedings).

While, as noted above, there is a limited exception to *Younger* when bad faith, harassment, or some other extraordinary circumstance causing irreparable injury exists, the Petition does not come close to raising, much less establishing, any such exception. "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *see also Juidice v. Vail*, 430 U.S. 327, 338 (1977) (without proof of bad faith or harassment, federal courts must abstain from intervention). Nothing in the Petition proves – or even intimates – that the State of California has

prosecuted Petitioner in bad faith without hope of obtaining a valid conviction. Petitioner's allegations are barebones, conclusory at best, and wholly unsupported, and no matter how liberally they are construed, they fail to provide any basis for concluding that the above-noted narrow exception to *Younger* might apply here. Moreover, even if the trial court erred in a ruling, as Petitioner claims in Ground Two, this is insufficient to establish bad faith or harassment. *Hicks v. Miranda*, 422 U.S. 332, 251 (1975)

Further, the more general extraordinary circumstances coupled with irreparable injury exception can be invoked "only in the most unusual circumstances" to warrant interference with a state criminal case before "the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 765-65 (9th Cir. 1872) (per curiam). Irreparable injury does not exist if the threat to a petitioner's federally protected rights may be eliminated by his defense of the pending case. *Younger*, 401 U.S. at 46. Injuries stemming from "the cost, the anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term" to justify federal court intervention; rather, the "threat to the [Petitioner's] federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.* Here, Petitioner's allegations rest on matters that have occurred within his pending criminal case, and their asserted injurious effect may still be mooted should he prevail at trial or, if convicted, on appeal.[4]

Petitioner has not demonstrated the type of "special circumstances" that

---

[4] The Court is aware that, in Ground Four, Petitioner has included the term "double jeopardy," without explanation, when complaining of the prosecutor's alleged failure to follow through on an assertedly agreed-upon and judicially-approved plea bargain. The bare facts alleged in the claim, even if they were proven, would not implicate the Double Jeopardy Clause, and thus, Petitioner's random invocation of the term "double jeopardy" does not take this case outside of *Younger's* purview.

10

warrant federal intervention.  The Petition does not set forth (much less come close to proving) any reason for this Court to disregard comity and interfere in an ongoing state criminal case.  As a result, Petitioner's allegations do not merit federal intervention, and comity dictates that this Court not interfere in his state criminal proceeding.  "Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* abstention requires *dismissal* of the federal action."  *Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th Cir. 1988).  The Court, therefore, must abstain in this case and dismiss the action.

        Accordingly, IT IS ORDERED that:  the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action without prejudice.

        In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case (if one, in fact, would be required).  See 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

        **IT IS SO ORDERED.**

DATED:  January 18, 2023

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE